**SEABOARD COAST LINE RAILROAD COMPANY, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 75–0436–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 13, 1976.

Richard A. Hollander, Richmond, Va., for plaintiff.

H. H. Margolies, Dept. of Justice, Lawrence Frier, Interstate Commerce Commission, Washington, D. C., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Seaboard Coast Line Railroad Company, (Seaboard), brings this action against the Interstate Commerce Commission (ICC) and the United States of America to redress the defendants' alleged failure to act upon a portion of plaintiff's application to abandon a 42.35-mile segment of railroad line.

The plaintiff seeks injunctive relief in the nature of mandamus. Jurisdiction is alleged pursuant to 28 U.S.C. § 1361. The matter comes before the Court on pleadings which, in light of the fact that there are no factual disputes, the Court treats as cross-motions for summary judgment. Fed.R. Civ.P., Rule 56.

The record reflects that on April 12, 1973, the plaintiff filed an application for abandonment of 42.35 miles of railroad lines located within the State of Florida. By order of February 21, 1975, Review Board No. 5 of the Commission authorized the abandonment of 11.35 miles of the tract but dismissed the application as to the remaining 31-mile segment by reason of the alleged illegal abandonment of that trackage by the plaintiff. By Order of August 8, 1975, Division 3 of the Commission acting as an appellate division, denied the plaintiff's petition for reconsideration.

It is the plaintiff's contention that when an application for abandonment is filed by a carrier, it is the Commission's duty to either grant or deny the application. There is no discretionary power, so it is submitted, to dismiss the application on the basis of allegedly illegal conduct on the part of the carrier. Accordingly, Seaboard requests this Court to direct the ICC to act upon the merits of the application. The defendants maintain, on the basis of a number of theories, that the Court is powerless to afford the plaintiff the requested relief. For the reasons which follow, the Court concludes that this is not the proper forum in which to litigate the substantive issue.

The Commission's decision to dismiss a portion of the plaintiff's application for abandonment is unquestionably a final "order" of the ICC in both form and substance.[1] The instant action, while couched in terms of mandamus, is an ingenuous attempt to collaterally attack the validity of that order. By the act of January 2, 1975, Public Law 93–584 § 4, 88 Stat. 1917, Congress provided that

"The court of appeals has *exclusive* jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

\*     \*     \*     \*     \*     \*

(5) all rules, regulations or final orders of the Interstate Commerce Commission made reviewable by section 2321 of this title." 28 U.S.C. § 2342. (Emphasis supplied).

Section 2321(a) of 28 U.S.C. provides for judicial review of ICC orders by the Court of Appeals. These provisions clearly mandate that the plaintiff direct its argument to the appropriate court of appeals rather than the district court. Cf. *Board of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 69, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970) and cases cited therein.

An appropriate order will issue.

## ORDER

For the reasons stated in the Memorandum of the Court this day filed, and deem-

---

1. The Commission's Order of February 21, 1975 provided in pertinent part:

"*It is ordered* That, to the extent that the application seeks persuasive abandonment by Seaboard Coast Line Railroad Company of that portion of its line of railroad between mile post ARE—835 near San Antonio, Fla., and mile post ARE—866 near Chemical, Fla., be, and it is hereby, dismissed." (Emphasis in the original).

ing it proper so to do, it is ADJUDGED and ORDERED that this action be and the same is hereby dismissed.

Let the Clerk send a copy of this Order and the accompanying Memorandum to all counsel of record.

